IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KERRI THOMAS,

    Plaintiff,

v.                                      CASE NO.:

BOTTLING GROUP, LLC and
PEPSICO, INC.,

    Defendants.
_____/

## NOTICE OF REMOVAL OF DEFENDANTS BOTTLING GROUP, LLC AND PEPSICO, INC.

Defendants Bottling Group, LLC and PepsiCo, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, 1446, respectfully remove the above-captioned action from the Circuit Court of the Fourth Judicial District in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, on the following grounds:

1. On April 28, 2022, Plaintiff filed her Complaint against Defendants in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, styled *Kerri Thomas v. Bottling Group, LLC and PepsiCo, Inc.*, Case No. 2022-CA-2345. *See* Complaint attached hereto as **Exhibit 1**.

2. Plaintiff, a former employee of Bottling Group, LLC, alleges that Defendants violated the Florida Civil Rights Act and the Florida

Whistleblower Act by taking adverse employment actions against her for lodging internal complaints and objecting to unlawful discrimination and harassment, subjecting her to offensive and unwelcome comments and acts regarding her gender, terminating her employment on account of her gender, and subjecting her to harassment and termination of her employment because she objected to and refused to participate in discriminatory and retaliatory activities, policies, and practices. Complaint, at 7–13.

3.     The federal removal statute, 28 U.S.C § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C § 1332(a)(1).

4.     This action is properly removed to federal court because this Court has diversity jurisdiction under 28 U.S.C § 1332, there is diversity of citizenship between Defendant and Plaintiff, and the amount in controversy exceeds $75,000.

5.     Title 28 U.S.C § 1441(a) further provides that removal must be made to the district court division embracing the place where such action is pending. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). This action was pending in the Circuit Court of the Fourth Judicial Circuit in

and for Duval County, Florida, prior to removal and the events Plaintiff asserts in support of her claims allegedly occurred in Duval County, Florida. Complaint, ¶ 14. Therefore, venue properly lies in this Court, the Jacksonville Division of the Middle District of Florida, for purposes of removal under 28 U.S.C §§ 1332, 1441(a), and Rules 1.04(a) and 1.06(a) of the Local Rules of the United States District Court for the Middle District of Florida.

6. This Notice of Removal is timely filed because it is filed within 30 days from May 2, 2022, the date on which Defendants received copies of the initial pleading setting forth the claim for relief upon which this action is based, and such removal is noticed less than one year after commencement of this action. *See* 28 U.S.C. § 1446(b)(1) and (c).

7. Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy of this notice will also be filed with the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. The Notice of Filing Notice of Removal that is being filed in the state court is attached as **Exhibit 2**.

**The Amount of Controversy Exceeds $75,000**

8. Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "In determining the amount in controversy, a court should look first to the complaint." *Leece v. GA BNRV*

*Sales, LLC*, No. 5:21-CV-308-JSM-PRL, 2021 WL 7542411, at *2 (M.D. Fla. July 20, 2021) (citing *Pretka*, 608 F.3d at 754)). Where "the plaintiff fails to plead 'a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Brown v. Wendy's Int'l, LLC*, No. 6:21-CV-449-WWB-LRH, 2021 WL 2886078, at *1 (M.D. Fla. July 9, 2021) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). *See also Roe v. Michelin North America, Inc.*, 613 F.3d 1058, , 613 F.3d at 1060–61 (11th Cir. 2010); *De Aguliar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (finding that removal is proper in instances where a plaintiff alleges an indeterminate amount of damages if the defendant demonstrates by a preponderance of the evidence that the value of the plaintiff's claim exceeds the jurisdictional requirement, unless the plaintiff can then show to a legal certainty that the value of her claims are actually below the jurisdictional requirement). However, "'a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Wendy's*, 2021 WL 2886078, at *1 (quoting *Pretka*, 608 F.3d at 754)).

9. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. The Eleventh Circuit holds that "preventing a district judge from acknowledging the value of a claim,

merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064 (citing *Pretka,* 608 F.3d at 766). To assist the court in its assessment, moving parties may provide additional evidence, including documents, business records and affidavits, to meet their burden. *Pretka,* 608 F.3d at 755.

10. Plaintiff alleges that she is seeking multiple types of damages on her Florida Civil Rights Act and the Florida Whistleblower Act claims, including:

    a)    compensatory damages and equitable relied including but not limited to lost back pay, lost benefits, lost front pay, and other lost economic damages;

    b)    non-economic damages including emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; and

    c)    punitive damages.

Complaint, at 8–13. She is also seeking attorneys' fees and costs and pre-judgment and post-judgment interest. *Id.*

11. Defendants can show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. By making this analysis, Defendants make no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

12. Successful plaintiffs in Florida Civil Rights Act cases may be entitled to back pay, compensatory damages, including but not limited to damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages up to $100,000, and attorneys' fees and costs. *Fla. Stat.* § 760.11(5).

13. The Florida Whistleblower Act provides successful plaintiffs with compensation for lost wages, benefits, and other remuneration, any other compensatory damages allowable at law, and attorneys' fees and costs. *Fla. Stat.* § 448.103(2), 448.104.

14. Through the allegations in her Complaint, Plaintiff also puts damages for lost front pay, other lost economic damages, emotional distress, pain and suffering, personal humiliation and embarrassment, and loss of enjoyment of life into contention.

15. In Florida Civil Rights Act discrimination cases, courts look to the entire range of damages available to plaintiffs, including back pay, front pay, punitive damages, attorneys' fees, and emotional distress damages, considering the damages cumulatively and applying judicial experience and common sense to determine whether the plaintiff's alleged damages more likely than not exceed the threshold for removal jurisdiction. *See, e.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-CV-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015).

16. Courts presented with motions to remand in Florida Whistleblower Act cases undertake a similar analysis with respect to calculating the amount in controversy, considering damages such as back pay, front pay, compensatory damages, including emotional distress claims, and attorneys' fees. *Wendy's*, 2021 WL 2886078, at *2–4; *O'Neill v. KB Home Inc.*, No. 07-61490-CIV, 2008 WL 11419017, at *3 (S.D. Fla. Jan. 2, 2008) (citing *Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670 *5 (M.D. Fla. May 11, 2005), a case where Florida Civil Rights Act claims were removed to Federal Court, with respect to the method of calculation of a case's amount in controversy).

17. <u>Compensatory Damages</u>: Awards of compensatory damages are uncapped under the Florida Civil Rights Act and regularly meet or exceed $75,000. *See Fla. Stat.* § 760.11(5); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000) (holding that the jury's $208,838 damages award, which included $150,000 in compensatory damages, was not excessive for the age discrimination claims alleged); *Cunningham Lindsey*, 2005 WL 1126670, at *5 (denying motion to remand in sex discrimination case brought under the Florida Civil Rights Act and citing *Munoz*, 223 F.3d at 1348–49, with respect to compensatory damages claims supporting removal). Plaintiff's compensatory damages, if recovered, may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional

minimum. Even "garden variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy. *See Cunningham Lindsey*, 2005 WL 1126670, at *5 (citing *Munoz*, 223 F.3d at 1348-49 and holding that compensatory damages claims in sex discrimination case would "increase the amount in controversy well above the $75,000 jurisdictional threshold"); *Copley v. Bax Global, Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (noting that in Eleventh Circuit employment cases, "$150,000 may be viewed as a benchmark figure" for compensatory damages for mental anguish); *Avalos v. SDI of Gulf Breeze, Fla. P'ship*, No. 3:10CV453/MCR/EMT, 2010 WL 11565761, at *2 (N.D. Fla. Dec. 15, 2010) (denying motion to remand and holding that for a Florida Civil Rights Act gender discrimination and retaliation case, "the plaintiff's compensatory damages alone could exceed the jurisdictional requirement" for removal). Courts have also found that compensatory damages contributed to pushing the amount in controversy of Florida Whistleblower Act claims substantially higher than the jurisdictional threshold. *See O'Neill*, 2008 WL 11419017, at *3.

18. <u>Back Pay</u>: Successful plaintiffs in Florida Civil Rights Act actions may be entitled to back pay (including statutory interest thereon) and front pay. *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312 (M.D. Fla. 2003); *Booker v. Doyon Sec. Servs., LLC*, No. 16-24146-CIV, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017); *Fla. Stat.* § 760.11(5). *See*

*also Cunningham Lindsey*, 2005 WL 1126670, at *5 (calculating back pay damages for removal purposes in a sex discrimination case brought under the Florida Civil Rights Act). Similarly, Successful plaintiffs in Florida Whistleblower Act actions may be entitled to back pay and front pay as well. *Wendy's*, 2021 WL 2886078, at *2–4; *Portaro v. Livemercial, Inc.*, No. 609-CV-757-ORL-28KRS, 2009 WL 10670423, at *2 (M.D. Fla. Sept. 30, 2009); *Sheehan v. Westcare Found., Inc.*, No. 8:12-CV-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013); *Fla. Stat.* § 448.103(2). Here, Plaintiff alleges that she was hired on April 12, 2021, and terminated on July 26, 2021. Complaint, ¶¶ 19, 34. Plaintiff's pay statements reflect earnings of $17,397.99 during this sixteen-week time period, or approximately $1,087.37 per week. *See* **Exhibit 3**, Declaration of Alexandra Bracci, ¶ 4.[1] At the time of removal, the period for calculating Plaintiff's potential back pay is approximately forty-four weeks. Thus, even as early as the date of removal, Plaintiff's potential back pay damages amount to approximately $47,844.28.

19. <u>Attorneys' Fees</u>: Plaintiff has relied upon the Florida Civil Rights Act and the Florida Whistleblower Act for the relief she is seeking in this action. Plaintiff's claims under these acts are statutory causes of action which entitle a prevailing party to recover reasonable attorneys' fees. *Fla. Stat.*

---

[1] The declarations attached hereto are provided pursuant to 28 U.S.C. § 1746.

§§ 448.104, 760.11(5). "[W]hen a statutory cause of action entitled a prevailing party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000), *cert. denied*, 331 U.S. 957 (2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (same). Courts make reasonable estimates with respect to attorneys' fees in determining the amount in controversy for removal purposes. *See, e.g.*, *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (making an estimate with respect to attorneys' fees on a Florida Civil Rights Act case in denying motion to remand). In establishing the "reasonable amount of fees," the Court can take judicial notice that attorneys' fees sought in discrimination cases routinely approach or exceed the $75,000 threshold. *See Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1544 (11th Cir. 1988) (affirming an award of $68,288 in attorneys' fees on an age discrimination claim); *Booker*, 2017 WL 5202682, at *3 (holding that attorneys' fees alone in a discrimination case could approach the $75,000 jurisdictional threshold); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1904-J-12HTS, 2007 U.S. Dist. LEXIS20746, *7 (M.D. Fla. Mar. 23, 2007) (holding that an estimate of $40,000 for attorneys' fees on plaintiff's state law race, national origin, and religion discrimination claims for purposes of removal was conservative). Indeed, attorneys' fees in Florida Civil

Rights Act cases can often exceed $75,000. *See, e.g.*, *Van Voorhis v. Hillsborough Bd. of Cnty. Comm'rs*, No. 8:06–cv–1171–T–TBM, 2008 WL 2790244 (M.D.Fla. July 18, 2008) (awarding prevailing plaintiff's two counsel a combined total of $104,799.50 for an age discrimination case that proceeded through trial and was brought pursuant to the Age Discrimination in Employment Act and the Florida Civil Rights Act).

20.   Punitive Damages: Plaintiff specifically alleges that she is seeking punitive damages. Complaint, at 8–11. Punitive damages are available under the Florida Civil Rights Act, subject to a $100,000 cap. *See Fla. Stat.* § 760.11(5). "When determining the jurisdictional amount in controversy in diversity cases, **punitive damages must be considered**, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (emphasis added, citations and footnote omitted). *See also Avalos v. SDI of Gulf Breeze, Fla. P'ship*, No. 3:10CV453/MCR/EMT, 2010 WL 11565761, at *2 (N.D. Fla. Dec. 15, 2010) (denying motion to remand and holding that, for a Florida Civil Rights Act gender discrimination and retaliation case, the plaintiff's punitive damages alone could exceed the jurisdictional requirement for removal); *Booker*, 2017 WL 5202682, at *3 (denying motion to remand where the amount in controversy exceeded $75,000 based on punitive damages alone because the plaintiff sought punitive damages on a Florida Civil Rights Act

claim but did not indicate in the complaint that she was seeking anything less than the maximum authorized amount of punitive damages).

21. Accordingly, Plaintiff's allegations establish that it is more likely than not that the amount in controversy for this case exceeds the $75,000 jurisdictional threshold to invoke the Court's diversity jurisdiction.

**There is Diversity of Citizenship in This Case**

22. To determine citizenship within the meaning of the diversity provision of 28 U.S.C. § 1332, a natural person must be both a citizen of the United States and a domiciliary of a state. *See Jones v. Law Firm of Hill & Ponton*, 141 S. Supp. 2d 1349, 1354 (M.D. Fla. 2001). "Domicile" for purposes of diversity jurisdiction is determined by two factors: 1) residence; and 2) intent to remain. *Id.*; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In *Jones*, the Court stated:

> In determining domicile, a court should consider both positive evidence and presumptions. One such presumption is that the state in which a person resides at any given time is also that persons domicile. But because changes in residence are so common in the country, courts also refer to another presumption: once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state.

*Jones*, 141 S. Supp. 2d at 1355.

23. Plaintiff alleges that she is a permanent resident of Duval County, Florida. Complaint ¶ 2. Plaintiff has therefore positively asserted her residence and intent to remain in Duval County, Florida.

24. To the extent Plaintiff's allegations are deemed insufficient to support a finding that Plaintiff is domiciled in Florida, the Court must "look behind the pleadings to ensure that the parties are not improperly creating or destroying diversity jurisdiction." *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). In doing so, evidence such as voter registration, driver's licenses, employment records, and vehicle registration serve to supplement an allegation of residency. *Taylor v. Am. Heritage Church Fin., Inc.*, No. 6:10-CV-559-ORL-31GJ, 2010 WL 2991572, at *2 (M.D. Fla. July 27, 2010). "Evidence of citizenship may include . . . affidavits establishing jurisdictional elements." *John Hancock Life Ins. Co. (U.S.A) v. Orr*, No. 6:15-CV-317-0RL-18, 2015 WL 4470506, at *2 (M.D. Fla. July 21, 2015).

25. Accordingly, in support of this Notice of Removal, the undersigned has conducted a public records search through Thomson Reuter's Westlaw PeopleMap Report (Premier) to confirm that Plaintiff is a citizen of the State of Florida, as well as a search of other publicly available records. *See* **Exhibit 4**, Declaration of Andrew Underkofler. As set forth more fully in the accompanying declaration, the records uncovered by the undersigned establish

that Plaintiff both currently resides, and intends to continue to reside in the State of Florida. Specifically:

a) Plaintiff received her high school diploma from Frank H. Peterson Academies of Technology, located in Jacksonville, Florida, and received a two-year associate's degree from Florida State College of Jacksonville in Jacksonville, Florida. *Id.* at ¶ 4.

b) Plaintiff has resided in Jacksonville, Duval County, Florida, since at least September 27, 2016, to the present. *Id.* at ¶ 5.

c) Plaintiff has maintained a driver's license issued by the state of Florida in Duval County since August 8, 2013. *Id.* at ¶ 6.

d) Plaintiff has registered vehicles in Florida dating back to at least October 20, 2017, and at least as recently as April 28, 2021. *Id.* at ¶ 7.

e) Several of Plaintiff's relatives reside in or near Duval County, Florida. *Id.* at ¶ 8.

26. Defendant PepsiCo, Inc. is a North Carolina Corporation with its principal place of business in Purchase, New York. *See* **Exhibit 3**, ¶ 7. Accordingly, PepsiCo, Inc. is completely diverse from Plaintiff. 28 U.S.C. § 1332(c)(1).

27. Defendant Bottling Group, LLC is a Delaware registered company with its principal place of business in White Plains, New York, for purposes of

28 U.S.C. §§1332 and 1441. *Id.* For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which one of its members is located. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Bottling Group, LLC, has two members, Pepsi Bottling Holdings, Inc., and Bottling Group Holdings, LLC. **Exhibit 3**, ¶ 7.

28. Pepsi Bottling Holdings, Inc. is a Delaware corporation with its principle place of business in New York. *Id.*, ¶ 8. As a corporation, Pepsi Bottling Holdings, Inc. is a citizen of the state in which it was incorporated (Delaware) and the state in which it has its principle place of business (New York). *See* 28 U.S.C. § 1332(c)(1). Accordingly, Pepsi Bottling Holdings, Inc. is completely diverse from Plaintiff.

29. Bottling Group Holdings, LLC is a Delaware company with its principle place of business in New York. *Id.*, ¶ 9. Bottling Group Holdings, LLC's sole member is Pepsi-Cola Metropolitan Bottling Company, Inc., which is incorporated in New Jersey, and maintains its principle place of business in New York. *Id.* Accordingly, Bottling Group Holdings, LLC is completely diverse from Plaintiff.

30. Accordingly, each of Defendant Bottling Group, LLC's members are citizens of states other than Florida. Accordingly, Bottling Group, LLC is completely diverse from Plaintiff.

31. Thus, Defendant can show by a preponderance of the evidence that there is complete diversity of all parties properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

**All Requirements for Removal Have Been Met in This Case**

32. Removal of this action is timely. Pursuant to 42 U.S.C. § 1446(b), removal of this action is timely because it has been less than one year since the commencement of this action and less than 30 days since the receipt of the initial pleading setting forth the claim for relief upon which this action is based.

33. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers currently on file in the state court action are attached hereto. *See* **Exhibit 5**.

34. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed concurrently with the Clerk of the Circuit Court, Fourth Judicial Circuit, Duval County, Florida. *See* **Exhibit 2**.

WHEREFORE, on the foregoing basis, Bottling Group, LLC and PepsiCo, Inc. respectfully submit that removal of this action from the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida to this Court is proper.

Dated: June 1, 2022

By: */s/ Dawn Siler-Nixon*
Dawn Siler-Nixon
Florida Bar No. 993360
dnixon@fordharrison.com
FORD & HARRISON LLP
101 E. Kennedy Blvd., Suite 900
Tampa, FL 33602
Office:  (813) 261-7800
Fax:  (813) 261-7899

Michael G. Prendergast
Florida Bar No.373311
mprendergast@fordharrison.com
Andrew E. Underkofler
Florida Bar No. 1003165
aunderkofler@fordharrison.com
FORD & HARRISON LLP
225 Water Street, Suite 710
Jacksonville, FL 32202
Office: (904) 357-2000
Fax: (904) 357-2001

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system and sent the foregoing via email to the following:

Shands M. Wulbern
The Law Office of Shands M. Wulbern, P.A.
3000 Hartley Road, Suite 10
Jacksonville, FL 32257
swulbern@wulbernlaw.com

*/s/Dawn Siler-Nixon*