EXHIBIT 1

Filing # 148583274 E-Filed 04/28/2022 01:46:38 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

KERRI THOMAS

       Plaintiff,

v.                                                    CASE NO.:
                                                      DIVISION:

BOTTLING GROUP, LLC and
PEPSICO, INC.

       Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff Kerri Thomas ("Plaintiff" or "Ms. Thomas")  by and through the

undersigned counsel, and by way of this Complaint against Defendant Bottling Group, LLC

("Bottling Group") and Defendant Pepsico, Inc. ("Pepsico")  (collectively, "Defendants") and

alleges as follows:

### JURISDICTION AND PARTIES

1.      This is an action for damages which exceed the sum of $30,000.00, exclusive of

interest, attorney's fees and costs.

2.      Plaintiff Kerri Thomas is an adult female with a permanent residence in Duval

County, Florida.

3.      Defendant Bottling Group is a foreign limited liability company, with its

headquarters and principal place of business in Purchase, New York.  Defendant Bottling Group

does business throughout the State of Florida, including Duval County.

4.      Defendant Pepsico is a foreign profit corporation, with its headquarters and principal place of business in Purchase, New York.  Defendant Pepsico does business throughout the State of Florida, including Duval County

5.       Defendants employ more than 15 employees.

6.      At all times relevant herein, Defendants were Ms. Thomas' employer as a single integrated enterprise by: (1) having interrelation of operations; (2) having centralized control of labor relations; (3) having common management; and (4) having common ownership and financial control.

7.      At all times relevant herein, Defendants had an interrelationship of operations where Defendants shared employees and resources to handle management, accounting, employee hiring and firing decisions, employee pay and benefits, employee management, operations, and administrative functions for each company.

8.      At all time relevant herein, Defendant Pepsico maintained centralized control of labor relations over Defendant Bottling Group employees, as Defendant Pepsico held ultimate authority and control over employee hiring and firing decisions, employee promotions, employee position assignments and titles, employee pay issues, employee benefit plans, and employee policies and procedures.

9.       At all times relevant herein, Defendants maintained common management, as Defendant Pepsico senior management and executives also manage Defendant Bottling Group administrative and operational functions.

10.      At all times relevant herein, Defendants maintained common ownership and financial control as Defendant Pepsico is the parent company of Defendant Bottling Group and

2

assumes control of the assets and liabilities of both entities.

11.     Alternatively, Defendants are joint employers because:

(a)     There was an arrangement between Defendants to share employees' services or to interchange employees;

(b)     Defendants acted directly or indirectly in the interest of the other in relation to employees; and/or

(c)     Defendants were not completely disassociated with respect to employees' employment and may be deemed to share control of employees, either directly or indirectly, because one employer controlled, was controlled by, or was under common control with the other.

12.     Defendants shared or co-determined matters governing the essential terms and conditions of their employees, including Ms. Thomas' employment and such sharing or co-determining of control over such employees was either actual, or Defendants retained the authority or power to control them.

13.     Among the matters shared or co-determined by Defendants governing the essential terms and conditions of their employees' employment, including Ms. Thomas' employment, include but are not limited to:

(a)     the power or ability to hire and fire;

(b)     the power or ability to supervise;

(c)     the power or ability to determine the method and/or rate of employee compensation;

(d)     the maintenance of employee records; and/or

3

(e)      the power or ability to assess, grant, deny, or otherwise affect employees'

benefits.

14.      Venue is proper in Duval County, Florida pursuant to Florida Statutes § 47.011

due to the cause of action alleged herein accruing in Duval County, Florida.

## PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

15.      Ms. Thomas timely complied with all legally required administrative prerequisites

prior to initiating this action.

16.      Ms. Thomas timely filed her charges of gender discrimination and retaliation with

the Equal Employment Opportunity Commission ("EEOC") on or about August 31, 2021.

17.      Pursuant to a work-share agreement between the EEOC and the Florida

Commission on Human Relations ("FCHR"), Ms. Thomas' charges of gender discrimination and

retaliation were also timely filed with the FCHR on or about August 31, 2021.

18.      More than 180 days have elapsed since Ms. Thomas' charges were filed with the

FCHR without a determination by the FCHR, and thus Ms. Thomas may bring suit under the

Florida Civil Rights Act ("FCRA") pursuant to Fla. Stat. § 760.11.

## FACTS GIVING RISE TO RELIEF

19.      Ms. Thomas was hired as a full-time warehouse loader for Defendants on or about

April 12, 2021.

20.      Ms. Thomas performed her job for Defendants at Defendants' Jacksonville,

Florida Pepsi Bottling warehouse facility.

21.      At all times relevant herein, Ms. Thomas performed her duties in a highly

competent and satisfactory manner.

4

22.     Soon after starting her job with Defendants, Ms. Thomas was subjected to gender biased comments from other workers which included for example, "if you like your job you'll pick up your weight like us boys", "we are going to be here all night because people (referring to Ms. Thomas as a woman) can't hold their own weight while getting paid the same amount and we are doing their work."

23.     The gender biased comments Ms. Thomas was subjected to in Defendants' workplace were regular and continuous.

24.     Defendants' male forklift drivers and pallet jack operators also drove recklessly and aggressively toward Ms. Thomas, nearly hitting her on a number of occasions.

25.     The reckless and aggressive operation of forklifts and pallet jacks by male drivers also included for example, not blowing horns at cross sections or when blind spots were at issue, darting in front of Ms. Thomas' path without warning, running into pallets Ms. Thomas was working with, following too close to Ms. Thomas' pallet jack, engaging in horseplay, and other unsafe vehicle operation.

26.     The reckless and aggressive operation of forklifts and pallet jacks by Defendants' male machine operators toward Ms. Thomas was regular and continuous.

27.     Ms. Thomas was also subjected to other continuous and regular harassing acts from male co-workers which included for example, blocking Ms. Thomas' path and creating obstacles while Ms. Thomas was operating her pallet jack, stacking pallets at unreasonable heights, and subjecting Ms. Thomas to humiliating acts and comments.

28.     Ms. Thomas was the only female warehouse loader on her shifts, and was the only employee during her shifts that was subjected to the reckless and aggressive forklift and pallet

5

jack maneuvers as set forth above.

29.     Ms. Thomas was the only female warehouse loader on her shifts, and was the only

employee during her shifts that was subjected to the harassing acts as set forth above.

30.     Ms. Thomas lodged internal complaints in May 2021, June 2021, and July 2021

(prior to Ms. Thomas' termination) to her supervisors about the unsafe vehicle operation by

Defendants' employees, as well as the gender-based comments and acts directed against her by

Defendants' employees.

31.     In July 2021 (prior to Ms. Thomas' termination), Ms. Thomas also lodged a

complaint with the Occupational Safety and Health Administration regarding the unsafe working

conditions at Defendants' workplace.

32.     It is believed that no formal investigation was conducted in response to Ms.

Thomas' complaints, and that no corrective or preventative action was taken against

Defendants' employees who were engaging in the unsafe vehicle operation, and the gender-

biased comments and acts.

33.     Instead, not only did the harassment toward Ms. Thomas continue, but it

intensified with more frequent and serious incidents of unsafe vehicle operation directed against

Ms. Thomas and efforts to sabotage her performance and production.

34.     On July 26, 2021, Ms. Thomas' employment was terminated on account of her

gender, as well as her complaints of gender discrimination and unsafe working conditions.

35.     As a result of Defendants' unlawful acts, practices, and omissions, by and through

their agents and employees, Ms. Thomas has suffered and continues to suffer damages.

36.     Ms. Thomas has retained the undersigned law firm to prosecute this action and

has agreed to pay said law firm a reasonable fee for its services.

37.     All conditions precedent to bringing this action have been satisfied, waived or excused.

38.     This complaint is timely filed.

## COUNT I

### (Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.* ("FCRA")- Gender Discrimination/Retaliation)

39.     Ms. Thomas restates and realleges each and every factual allegation contained in paragraphs 1 through 38 of this Complaint with the same force and vigor as if set out here in full.

40.     Ms. Thomas engaged in protective activity by lodging internal complaints and objecting to unlawful gender discrimination and gender harassment by Defendants.

41.     As a result of Ms. Thomas lodging internal complaints and objecting to unlawful gender discrimination and gender harassment, Defendants, by and through their agents and employees, retaliated against Ms. Thomas in violation of the FCRA, by taking adverse employment actions against Ms. Thomas, including but not limited to, subjecting Ms. Thomas to unlawful retaliatory harassment and terminating Ms. Thomas' employment.

42.     A causal connection exists between Ms. Thomas' protected activity and the adverse employment actions taken against Ms. Thomas by Defendants.

43.     The acts and omissions committed by Defendants were willful, wanton, malicious, and in reckless disregard of Ms. Thomas' rights.

44.     As a direct and proximate result of actions by Defendants, by and through their agents and employees, Ms. Thomas has suffered and continues to suffer damages including lost

back pay, lost benefits, lost front pay, other economic losses, emotional distress and mental anguish, pain and suffering, humiliation and embarrassment, loss of dignity, and loss of enjoyment of life.

WHEREFORE, Plaintiff Kerri Thomas respectfully requests the Court to enter judgment against Defendants, jointly and severally, for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, and other lost economic damages; non-economic damages including emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under the FCRA; pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## COUNT II

### (Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.* ("FCRA")- Gender Discrimination/Gender Harassment)

45.     Ms. Thomas restates and realleges each and every factual allegation contained in paragraphs 1 through 38 of this Complaint with the same force and vigor as if set out here in full.

46.     Defendants, by and through their agents and employees, intentionally discriminated against Ms. Thomas on account of her gender, female, by subjecting her to unlawful gender harassment in violation of the FCRA.

47.     Ms. Thomas was subjected to offensive and unwelcome comments and acts regarding her gender by Defendants' agents and employees.

48.     The gender-based offensive and unwelcome comments and acts by Defendants' agents and employees were severe or pervasive, thereby altering the terms and

conditions of employment and creating a hostile work environment for Ms. Thomas.

49.     Defendants are directly and vicariously liable for the gender-based harassment perpetuated by their agents and employees.

50.     The acts and omissions committed by Defendants were wilful, malicious, and in reckless disregard of Ms. Thomas' rights.

51.     As a direct and proximate result of actions committed by Defendants, by and through their agents and employees, Ms. Thomas has suffered and will continue to suffer lost wages, lost benefits, and other economic losses, emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life.

52.     WHEREFORE, Plaintiff Kerri Thomas respectfully requests the Court to enter judgment against Defendants, jointly and severally, for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, and other lost economic damages; non-economic damages including emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under the FCRA; pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## COUNT III

**(Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq*. ("FCRA")-
Gender Discrimination/Disparate Treatment)**

53.     Ms. Thomas restates and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and vigor as if set out here in full.

54.     Defendants, by and through their agents and employees, intentionally discriminated against Ms. Thomas by subjecting her to termination of employment on account of her gender in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*

55.     At all times relevant herein, Ms. Thomas is a female and was employed by Defendants.

56.     Ms. Thomas' gender is female and Defendants were aware of Ms. Thomas' gender.

57.     At all times relevant herein, Ms. Thomas was qualified for the position she held with Defendants.

58.     Ms. Thomas was subjected to adverse employment actions on account of her gender.

59.     Defendants' male employees were treated more favorably and were not subjected to the same treatment and adverse employment actions that Defendants levied upon Ms. Thomas.

60.     The facts and circumstances of the discriminatory treatment of Ms. Thomas, and her termination of employment by Defendants, also establish a convincing mosaic of evidence that Defendants, by and through their agents and employees, intentionally discrimination against Ms. Thomas on account of her gender in violation of the FCRA.

61.     The acts and omissions committed by Defendants were willful, wanton, malicious, and in reckless disregard of Ms. Thomas' rights.

62.     As a direct and proximate result of Defendants' unlawful discrimination, by and through their agents and employees, Ms. Thomas has suffered and will continue to suffer damages including but not limited to: lost wages, lost benefits, and other economic losses; non-

economic losses including but not limited to, emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life.

WHEREFORE, Plaintiff Kerri Thomas respectfully requests the Court to enter judgment against Defendants, jointly and severally, granting Ms. Thomas compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, front pay, and any other lost economic damages; non-economic damages including emotional distress and mental anguish, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs under the FCRA; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT IV

### (Violation of the Florida Whistleblower Act ("FWA"), Fla. Stat. §§ 448.102, *et seq.*)

63.    Ms. Thomas restates and realleges each and every factual allegation contained in paragraphs 1 through 14, 19 through 21, 24 through 27, and 30 through 38 of this Complaint with the same force and vigor as if set out here in full.

64.    The Florida Whistleblower Act, Fla. Stat. § 448.102(3), provides in relevant part that an employer may not take retaliatory personnel action against an employee for objecting to, or refusing to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

65.    Ms. Thomas objected to, and refused to participate in, Defendants' violations of health and safety laws and regulations, including violations of the Occupational Safety and

Health Act.

66.      Defendants' conduct constituted, or Ms. Thomas reasonably believed that Defendants' conduct constituted, an activity, policy or practice of Defendants which was in violation of a law, rule, or regulation, to wit: the Occupational Safety and Health Act, 29 U.S.C. § 654, 29 CFR § 1910.178, and other rules and regulations pursuant to the Occupational Safety and Health Act and Occupational Safety and Health Administration.

67.      Ms. Thomas objected to, and refused to participate in, Defendants' violations of gender discrimination laws and regulations, including but not limited to, of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*

68.      Defendants' conduct constituted, or Ms. Thomas reasonably believed that Defendants' conduct constituted, an activity, policy or practice of Defendants which was in violation of a law, rule, or regulation, to wit: unlawful gender discrimination and retaliation in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*

69.      Ms. Thomas objected to, and refused to participate in, Defendants' activities, policies, and practices alleged herein.

70.      Defendants took retaliatory personnel action against Ms. Thomas by among other things, subjecting Ms. Thomas to retaliatory harassment and terminating her employment, because Ms. Thomas objected to, and refused to participate in, Defendants' activities, policies, and practices alleged herein, in violation of Fla. Stat. §448.102(3).

71.      As a direct and proximate result of the unlawful retaliatory actions of Defendants, by and through their agents and employees, Ms. Thomas has suffered and will continue to suffer, damages, including but not limited to lost back pay, lost benefits, lost front pay, and other

economic losses; non-economic damages including but not limited to, mental and emotional distress, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life.

WHEREFORE, Plaintiff Kerri Thomas respectfully requests the Court to enter judgment against Defendants, jointly and severally, and in favor of Ms. Thomas, granting damages for economic damages including, lost back pay, lost front pay, benefits and entitlements, and other economic losses; non-economic damages including, mental anguish and emotional distress, pain and suffering, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; attorney's fees and costs under Fla. Stat. § 448.104; pre-judgment and post-judgment interest; and granting such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all claims and issues so triable.

Dated this 28th day of April, 2022.

Respectfully submitted,

The Law Office of Shands M. Wulbern, P.A.

By: /s/ *Shands M. Wulbern*
Shands M. Wulbern
Florida Bar No. 0155217
3000 Hartley Road, Suite 10
Jacksonville, Florida 32257
(904) 570-9233
swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*

13